1 | F. Bari Nejadpour, Esq. (SBN 216925)
  | **LAW OFFICE OF FARI BARI NEJADPOUR**
2 | 8383 Wilshire Boulevard, Suite 630
  | Beverly Hills, CA 90211
3 | Telephone: (310) 954-9595
4 |
  | Attorneys for Plaintiffs
5 | SEYED SAEED HOSSEINI, on behalf of
  | himself and all those similarly situated
6 |
7 |
  | UNITED STATES DISTRICT COURT
8 |
  | IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA
9 |
10 | WESTERN DIVISION

| | |
|---|---|
| SEYED SAEED HOSSEINI, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br>1) **RESTITUTION BASED UPON ILLUSORY CONTRACT;**<br>2) **RESTITUTION BASED UPON ADHESIVE AND UNCONSCIONABLE CONTRACT;** |
| vs. | |
| 255 SOUTH KING STREET LIMITED PARTNERSHIP, a Washington limited liability partnership; and AMERICAN LIFE, INC., a Washington corporation, | 3) **RESCISSION BASED UPON FRAUDULENT CONCEALMENT;**<br>4) **RESCISSION BASED UPON UNFAIR AND FRAUDULENT BUSINESS PRACTICES (California Business & Professions Code §17200);**<br>5) **RESTITUTION BASED UPON UNJUST ENRICHMENT; and**<br>6) **BREACH OF FIDUCIARY DUTY** |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

Case No.:

**CLASS ACTION COMPLAINT**
-1-

For his Class Action Complaint, Plaintiff SEYED SAEED HOSSEINI, on behalf of himself and all those similarly situated, alleges and avers as follows:

## THE PARTIES

1. Plaintiff SEYED SAEED HOSSEINI ("Hosseini") is an individual residing in Los Angeles, California.

2. Defendant 255 SOUTH KING STREET LIMITED PARTNERSHIP (the "Partnership") is a limited partnership organized and existing under the laws of the State of Washington and doing business in the State of California.

3. Defendant AMERICAN LIFE, INC., ("American Life") is a corporation organized and existing under the laws of the State of Washington and doing business in the State of California. American Life is the managing general partner of the Partnership.

4. Hosseini is informed and believes, and thereon alleges, that each defendant named in this Complaint was, and at all times herein mentioned is, the agent, servant and/or employee of the other defendants herein and was at all such times acting within the course and scope of such agency and employment and with the consent and permission of each of the other defendants, and each of the defendants herein ratified the acts of each of the other defendants.

## VENUE AND JURISDICTION

5. This is a class action brought under Rule 23 of the Federal Rules of Civil Procedure. The Court's jurisdiction of the matter is based upon the diversity of the citizenship of Plaintiffs and Defendants under 28 U.S.C. §1332. The amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. §1391 because the Central District of California is a judicial district in which a substantial part of the events and omissions alleged herein giving rise to the claims for relief occurred.

## CLASS ALLEGATIONS

6. Plaintiff Hosseini brings this class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all current and former investors in the Partnership because:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law and fact common to all members of the class;

    c. The claims of and by Plaintiff Hosseini are typical of the claims of the class; and

    d. Plaintiff Hosseini can and will fairly and adequately represent and protect the interests of the class.

7. For approximately eight years prior to the filing of this class action and through the present, Defendants Partnership and American Life have enjoyed unfettered discretion whether and when to repay and return to Hosseini and the limited partner class members their investments in the Partnership for purposes of obtaining an EB-5 investment visa.

8. For approximately eight years prior to the filing this class action and through the present, Defendants Partnership and American Life have engaged in the practice of failing and refusing to repay and return to Hosseini and the limited partner class members their investments in the Partnership made for purposes of obtaining an EB-5 investment visa.

9. For approximately eight years prior to the filing this class action and through the present, Defendants Partnership and American Life have engaged in unfair business practices in violation of California Business & Professions Code §17200 by failing and refusing to repay and return to Hosseini and the limited partner class members their investments in the Partnership made for the purpose of obtaining an EB-5 investment visa.

10. For approximately eight years prior to the filing of this class action and through the present, Defendants Partnership and American Life have violated their fiduciary duties owed to limited partner Hosseini and the limited partner class members to act fairly toward the limited partners and in the limited partners' best interests.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. During October or November 2015, Plaintiff Hosseini emigrated from the United Arab Emirates to the United States on a tourist visa.

12. Upon his arrival in the United States, Plaintiff Hosseini read and spoke little or no English, had no understanding of American business practices, and knew nothing of American law.

13. In or about January or February 2016, Hosseini applied for and was granted an E-2 temporary visa preliminary to applying for an EB-5 investment visa.

14. During the spring of 2016, Hosseini commenced the process of obtaining an EB-5 investment visa and a green card entitling Hosseini to permanent residency.

15. On May 23, 2016, Plaintiff Hosseini received the Partnership Agreement of 255 South King Street Limited Partnership, a Washington Limited Partnership (the "Partnership Agreement"). A copy of the Partnership Agreement is attached hereto as Exhibit 1.

16. Because of his poor English skills, Hosseini could not read or understand any of the terms and provisions of the Partnership Agreement. Despite knowing that its investors by and

large were foreign nationals seeking EB-5 visas, neither the Partnership nor American Life translated the Partnership Agreement into any language but English. As a result, Hosseini entered into the Partnership Agreement without understanding any of its terms or provisions.

17. On May 23, 2016, Plaintiff Hosseini invested $539,000 in Defendant Partnership for the purpose of satisfying the minimum investment requirements of section 203(b)(5) of the Immigration and Nationality Act, 8 U.S.C. §1153, and 8 C.F.R §204.6 to qualify for an EB-5 visa and a permanent resident green card. Hosseini made the investment by wiring the $539,000 from his Wells Fargo branch in Los Angeles to Washington Trust Bank in Bellevue, Washington, for the benefit of the Partnership.

18. In or about March 2018, Plaintiff Hosseini received his permanent resident Green Card. In or about October 2023, Hosseini became an American citizen.

19. Upon becoming a citizen, Hosseini contacted American Life via email about the return of his $539,000 investment. American Life failed to respond. Determined to reclaim his investment, on or about January 2, 2024, Hosseini retained the Law Office of Fari Bari Nejadpour to assist. Upon reviewing the Partnership Agreement with counsel, Hosseini became aware for the first time that the Partnership purported to be able to keep Hosseini's investment, and the investments of the entire limited partner class, seemingly indefinitely. To wit, Section 4.3 of the Partnership Agreement provided that:

> <u>Return and Withdrawal of Capital</u>. No partner shall have the right to demand Partnership Property or withdraw or make a demand for the withdrawal of any of such Partner's Capital Contribution (or the capital interest reflected in such Partner's Capital Account) until full and complete winding up and liquidation of the Partnership.

20. On January 2, 2024, Plaintiff Hosseini's counsel wrote Defendant American Life to inquire about Hosseini's investment. When counsel did not receive a response, he wrote American Life a second time on February 8, 2024, about Hosseini's investment. Finally, on February 20, 2024, Hosseini's counsel received a response from American Life's attorneys, Seyfarth Shaw LLP, stating that Hosseini would receive the return of his $539,000 investment when the Partnership sold or refinanced the Partnership's assets at some indeterminate time in the future.

21. In summary, because he did not and could not understand the Partnership Agreement when he signed it, Hosseini could not and did not know to what he was purportedly consenting. As such, Hosseini, American Life and the Partnership never had the meeting of the minds

-4-
Case No.:

required to form a contract. Knowing that their immigrant limited partner investors, including Hosseini, by and large spoke little or no English, American Life and the Partnership fraudulently concealed the effect of Section 4.3 by failing to translate the Partnership Agreement into languages other than English including, for example, Farsi. Because Section 4.3 of the Partnership Agreement gave the Partnership unfettered discretion if and when to return the investments by Hosseini and the similarly situated limited partner class members at an unspecified time in the future, the Partnership Agreement is and was illusory and void. Because the Partnership Agreement foist upon Hosseini and the limited partner class members so unfair a provision as Section 4.3 of the Partnership Agreement, the Partnership Agreement is and was an unconscionable contract of adhesion and void. Because the Partnership treated Hosseini and the similarly situated limited partner class members so unfairly, American Life and the Partnership breached their fiduciary duties owed to Hosseini and the other limited partners, Hosseini and the other limited partner class members are entitled to rescind the Partnership Agreement and be restored their investments. Finally, in making their investments, Hosseini and the similarly situated limited partner class members conferred a benefit upon the Partnership; keeping the investments by Hosseini and the limited partner class members unjustly enriches the Partnership; and Hosseini and the limited partner class members are entitled to restitution of their investments.

## FIRST CAUSE OF ACTION
### (Restitution Based Upon Illusory Contract)

22. Plaintiff Hosseini realleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. The Partnership Agreement conferred upon American Life and the Partnership unfettered discretion when and whether to return Hosseini's $539,000 investment and the investments made by the similarly situated limited partner class members at some indeterminate time in the future.

24. The return of Hosseini's investment and those of the other limited partner class members was an essential term of the Partnership Agreement.

25. As a result, the Partnership Agreement was and is unenforceable, and both Hosseini and the limited partner class members are entitled to restitution of their wrongfully withheld investments.

## SECOND CAUSE OF ACTION

(Restitution Based Upon Adhesive and Unconscionable Contract)

26. Plaintiff Hosseini realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. American Life and the Partnership enjoyed superior bargaining power.

28. Neither Hosseini nor the similarly situated limited partners class members had bargaining power equal to American Life and the Partnership's bargaining power.

29. The Partnership Agreement was a take it or leave it proposition.

30. Neither Hosseini nor the other limited partner class members could negotiate in the first instance nor renegotiate the terms of the Partnership Agreement, including Section 4.3.

31. Section 4.3, combined with the parties' unequal bargaining power, renders the Partnership Agreement an adhesive and unconscionable contract that the Court ought not to enforce.

32. As a result, Hosseini and the limited partner class members are entitled to restitution of their investments to restore them to their positions *ex ante*.

## THIRD CAUSE OF ACTION

(Rescission Based Upon Fraudulent Concealment)

33. Plaintiff Hosseini realleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34. Despite knowing that Hosseini and the other investors in the Partnership were immigrants, many of whom spoke no English, American Life and the Partnership buried Section 4.3 in the complex Partnership Agreement without translating the Partnership Agreement from English to the investors' native languages.

35. In so doing, American Life and the Partnership concealed and otherwise failed to disclose the existence and effect of Section 4.3 on the ability of Hosseini and the limited partner class members to obtain a return of their investments.

36. American Life and the Partnership intended to conceal Section 4.3 from Hosseini and the limited partner class members.

37. Hosseini and the limited partner class members relied upon American Life and the Partnership to fully disclose all facets of the Partnership Agreement, including the presence and effect of Section 4.3.

38. Hosseini and the limited partner class members have suffered damage equal to at least the investments being wrongfully withheld by American Life and the Partnership.

39. Hosseini and the limited partner class members are entitled to rescind, and do hereby rescind, the Partnership Agreement to receive the return of their investments and the restoration of the parties to their positions *ex ante*.

## FOURTH CAUSE OF ACTION
### (Fraudulent and Unfair Business Practices)

40. Plaintiff Hosseini realleges and incorporates by reference paragraphs 1 through 39 of this Complaint.

41. By concealing Section 4.3 from Hosseini and the limited partner class members, American Life and the Partnership engaged in a fraudulent act and business practice in violation of California Business & Professions Code §17200.

42. By inserting Section 4.3 in the Partnership Agreement and concealing it from Hosseini and the limited partner class members, American Life and the Partnership engaged in an unfair act and business practice.

43. Hosseini and the limited partner class members have suffered damage equal to at least the amounts of their wrongfully withheld Partnership investments.

44. Hosseini and the limited partner class members are entitled to restitution of at least their investments in the Partnership.

## FIFTH CAUSE OF ACTION
### (Restitution Based Upon Unjust Enrichment)

45. Plaintiff Hosseini realleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. By investing in the Partnership, Hosseini and the limited partner class members conferred a benefit upon the American Life and the Partnership.

47. American Life and the Partnership have wrongfully retained, and continue to wrongfully retain, Hosseini's and the limited partner class members' investments.

48. As such, American Life and the Partnership are and have been unjustly enriched.

49. Therefore, Hosseini and the limited partner class members are entitled to restitution of their investments in the Partnership.

SIXTH CAUSE OF ACTION

(Breach of Fiduciary Duty)

50. Plaintiff Hosseini realleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. American Life and the Partnership owed and owe Hosseini and the limited partner class members a fiduciary duty of candor and fairness.

52. American Life and the Partnership breached their fiduciary duty of candor by concealing Section 4.3 from Hosseini and the limited partner class members.

53. American Life and the Partnership breached their fiduciary duty of fairness by incorporating Section 4.3 in the Partnership Agreement.

54. Hosseini and the limited partner class members are entitled to restitution of their investments and damages equal to reimbursement of their legal fees and costs of suit.

55. Defendant American Life's and Defendant Partnership's conduct was malicious in that they acted in conscious disregard of Plaintiff Hosseini's right to his $539,000 investment. Defendants' conduct was oppressive in that they exposed Plaintiff to unjust financial hardship in knowing disregard of his rights by placing him in financial peril. Defendants' conduct was fraudulent in that they concealed Section 4.3 of the Partnership Agreement from Plaintiff. Plaintiff Hosseini is therefore entitled to an award of punitive and exemplary damages.

WHEREFORE, Hosseini, on behalf of himself and the limited partner class members, prays as follows:

1. For rescission of the Partnership Agreement and restitution of their investments based upon the illusory Partnership Agreement;
2. For rescission of the Partnership Agreement and restitution of their investments based upon the adhesive and unconscionable Partnership Agreement;
3. For rescission of the Partnership Agreement and restitution of their investments based upon fraudulent concealment;
4. For restitution based upon fraudulent and unfair business practices;
5. For restitution based upon unjust enrichment;
6. For damages equal to at least the return of their investments and reimbursement of their legal fees and costs of suit;
7. For an award of punitive and exemplary damages according to proof;

CLASS ACTION COMPLAINT
-8-

Case No.:

8. For Plaintiff's costs of suit; and

9. For such other and further relief as the Court may deem appropriate.

Dated: March 12, 2024.

Respectfully Submitted,
LAW OFFICE OF FARI BARI NEJADPOUR

By: _____
F. Bari Nejadpour, Esq.
Attorney for Plaintiff SEYED SAEED HOSSEINI,
on behalf of himself and all those similarly situated